Good morning, your honors. May it please the court, counsel. My name is Mark Fisher. I'm with the 3rd District Appellate Defender's Office, and I'm here today on behalf of the defendant in this case, Kawana Patterson. Ms. Patterson was convicted in a jury trial of first-degree murder. Specifically, the jury found that on August 17, 2002, Ms. Patterson, who was then 18 years old, stabbed and killed Tyrone Carthel, who was 15 years old. The jury had been instructed on both heat of passion second-degree murder and involuntary manslaughter, but it rejected those alternatives, returned the verdict to first-degree murder. Defendant received the minimum sentence of 20 years imprisonment. Now, you're here before us today because Ms. Patterson is alleging that there was a per se conflict with respect to her attorney, correct? Well, she actually alleges a per se and, in the alternative, an actual conflict on the part of the trial counsel. Counsel, let me interject this. Wasn't there a prior decision? I think I have it here in front of me. The appellate court held there was not a per se conflict by the fact that the public defender had then taken a job with the state's attorney's office. As I recall, it said that unless there's a prior contemporaneous issue there, it's not a per se conflict, but they remanded it for the determination of an actual conflict, didn't it? That's correct, Your Honor, and actually it was a public defender, not an appellate defender, but you're absolutely correct. The defendant submits, however, that the state on appeal – well, defendant in her first brief filed in this appeal argued that one of the justifications for a remand for an evidentiary hearing, because in the prior appeal, this court reversed the summary dismissal of the per se post-conviction petition and remanded for second stage proceedings. The circuit judge ultimately dismissed that – the amended petition filed by appointed counsel on the state's motion without an evidentiary hearing, and the defendant is asking Your Honors to remand this cause for an evidentiary hearing. What specific defect in counsel's performance is attributable to an actual conflict? The defendant, in all honesty, cannot point to anything in the record and tell Your Honors that this shows that counsel was ineffective. The state argues on appeal that the record shows that counsel diligently represented his client, and in all honesty, I can't dispute that based on the record. But for an actual conflict, don't you have to show some specific defect? Well, you do have to show prejudice. That's correct. The defendant submits that although prejudice is not apparent on the record before us, we know as appellate lawyers and appellate justices that all we really can tell from the record is what counsel actually did, his affirmative actions on behalf of his client. The defendant submits the possibility exists that he might have been able to do more on behalf of his client. But therein lies the problem, doesn't it? Yes, Your Honor. That is the problem. I mean, I'm looking at this. It was remanded. What specific allegations are there that point to the defective performance or insufficient performance, departure from norms, all of those things? For instance, Amber was saying it's possible that Combs, as in your brief, pulled his punches by failing to present evidence or otherwise zealously it's possible. But at the minimum threshold, there should be some allegations specifically as to where it was defective. You can't conduct a hearing based on speculation and conjecture. So that's the problem that I'm having. Where are the affidavits or the specificity regarding the defective performance? Well, first of all, with respect to affidavits, I think in this circumstance the only affidavit the defendant could possibly have obtained would have been an affidavit from counsel. Well, that's not controlling. Right. But don't you at least have to allege with some specificity where is the defective to have a hearing on the issue? Is it enough to say we believe he may have been defective and now we're going to try and find out if he was? Well, what we have here is a framework of a conflict of interest. The allegation by a defendant in her petition was that counsel and the record clearly shows that counsel joined the state's attorney's office within a few weeks after the verdict was returned. And that's not disputed. Right. No more disputes to finish. But that goes to per se conflict. Right. Well, it goes both to per se and actual conflict. Certainly there could be no conflict at all if there had been no agreement that counsel would join the prosecutor's office until after trial. You're talking about a waiver? No. Well, there was no indication of waiver in this record that I think was previously argued in the appeal. And even this court said there was no showing of a waiver in the conflict. There was no transcript of any such hearing. That's correct. That's correct. Let me ask you this question. You say it's important to get to a hearing so you could fully debunk the argument, correct? Yes, correct. Doesn't the Post-Conviction Hearing Act and case law contemplate requests for depositions and further discovery prior to a hearing if you need to develop your affidavits or your evidence further? I imagine that's something. Well, it's not imaginary. Parties could undertake if they chose to do so. That was not undertaken by post-conviction appointed trial counsel, correct? Yes. I've never seen depositions in trial conviction proceedings, but I imagine it's something that could have been pursued. No indication in the record that there was a request for denial of any sort. Of course, the evidentiary hearing is the time and the place for fact-finding to take place and credibility. The discovery process is the area where you explore the potential for developing the argument that there actually was a conflict. And as Justice Hudson pointed out, you have to have more than just speculation to get to a hearing. Well, the one thing I would say to your Honors, since we're dealing with a situation where a defendant is arguing that her attorney had a conflict of interest, that in some cases, perhaps in many cases, a defendant might convey to counsel evidence that the defendant believes would be relevant to present at his or her trial, witnesses who the defendant believes might be helpful to the defense. And, of course, if a situation arises where after such information has been conveyed to counsel, counsel does not present any such evidence or witnesses. That would clearly be, I think, a good legitimate basis to hang your head on, except that would obviously be known to your client and should be included in the allegations. Here's the essence of the issue. Isn't a third-stage post-conviction hearing intended to resolve factual issues that arise from the allegations, the petition, and the State's response? That's what it's supposed to be about, to resolve the factual issues. It's not a discovery tool. So if the allegations are there, what are the factual issues to resolve? You're saying we might have something and we want to end a hearing to find out if we have something. We're sort of getting this thing a little bit in reverse here. Well, what I was starting to say, and I'm not being too wordy, but in some instances, in contrast to the situation where a defendant knows that his or her counsel has not presented his evidence. Right, and you said that obviously counsel would know. If she did as you suggested, then she would know. Right, but what I'm saying is I think there are some instances as well where counsel does his investigation, makes his strategy decisions, and the defendant, having no legal training or knowledge or background, doesn't necessarily know what else counsel might have been able to do on his or her behalf. And this case falls into that type of category. It's true she did not allege that he failed to introduce evidence or call witnesses on her behalf. What she did allege is she found out after the trial was over that her attorney became a state's attorney. And the question arose, well, when was that decision made? Now, in the initial brief, one of the issues that the defendant identified as requiring an evidentiary hearing was the timing of counsel's hiring by the prosecutor's office. The defendant submitted the record. It was not clear exactly when counsel knew that he would become a state's attorney. Wasn't that resolved by the earlier case? The Patterson 2? Right. And the issue of when that discussion was held was not the critical issue of whether there's a per se conflict. Well, whether per se or actual, as I mentioned before, and I'll reiterate, if counsel only agreed to join the prosecutor's office, if the prosecutor's office only agreed to hire counsel, after trial was concluded, there could be no conflict, whether actual or per se, because he would not have had any competing interest at the time he was running for the attorney general. Was he hired here before the trial was over? I'm sorry, Your Honor? Did he start working for the state's attorney's office before the trial was over? Well, after, it was apparently about three weeks after the verdict was returned, but prior to the post-trial motion stage. So the guilt or innocence phase had concluded, but the proceedings were still ongoing. Let me ask you a very pointed question, dancing around these issues. What would this hearing be on that you're proposing? What factual issues would the hearing be on at this point, other than we're going to find the factual issues? Well, there are two things. I think if the killers were remanded for a third stage of injury hearing, I think trial counsel would no doubt be called as a witness. I think post-trial counsel would no doubt be called as a witness. And asked what? Excuse me, Your Honor? And asked what? Well, as to trial counsel, the question simply becomes as to his investigation, when he was initially assigned to represent Ms. Patterson, his strategic decisions as to evidence that he decided to present. Also, when the decision was made as to him being hired. Now, the state does assert on appeal that the record shows that he was hired prior to the beginning of trial. In any event, it would be up to counsel to testify what he did and whether his future employment at that point made any difference in his representation of Ms. Patterson. Well, isn't that what counsel is for? Shouldn't counsel be able to review the record and say, gee, they didn't cross-examine this witness on this, or he didn't present this witness that my client told him to present? Wouldn't that be by way of an affidavit in order to graduate to that third stage? Well, sure. Certainly, counsel could have done that. As I've said to Your Honors, I don't see anything in the record, in the cold record before us, indicating necessarily the counsel was ineffective. And so I don't know that a post-conviction counsel necessarily having the record could have made that determination either. I think it would have been a good idea possible for him to talk to trial counsel, but whether he did is unclear from the record. How do you get around the Spitzer case as well as the Morales case that say you have to show some specific defect in the strategy, the tactics, or the decision-making attributable to a conflict? And that's where the defendant submits that those are questions of fact that can only be determined in an evidentiary hearing. They can't be resolved on the pleadings, and fact-finding cannot be made at the second stage. Alternatively, do you have any case law that stands for the proposition you can have a hearing to determine whether there was a defective performance? Well, it's a hearing to determine whether constitutional rules were violated. Obviously, that's the broad outline of the Post-Conviction Hearing Act. Or do you have to have, as Justice Shastak alluded to, some specific allegations first before you get to the hearing? And I acknowledge that there are no specific allegations of defect. The allegation is the counsel had a conflict. Now, there's also, as I mentioned before, defendant also alleges a conflict on behalf of post-trial counsel, and this Court noted that possibility in the prior appeal. That is based on the fact that the record shows that once post-trial counsel was appointed to the case, roughly a few weeks after the guilty verdict was returned, he stated on the record more than once that he consulted with original trial counsel and relied on information received from original trial counsel in preparing to represent the defendant both at the post-trial motion stage and at sentencing. And at the time that he consulted with trial counsel, trial counsel was officially a member of the Winnebago County State's Attorney's Office. Now, the State argued to the circuit judge in support of the motion to dismiss that even if post-trial counsel had a conflict, it wouldn't have made a difference because the defendant received the minimum sentence, which is true. But I think that the focus there is too narrow because not only did post-trial counsel represent Ms. Patterson at sentencing, he also represented her on the post-trial motion, and he did not include a claim in the post-trial motion of a conflict of interest. Now, it's possible that he looked into it and decided it just wasn't there. On the other hand, there's the possibility that because he relied so much on assistance from trial counsel, that he felt an allegiance to trial counsel and therefore decided not to raise the issue, and the defendant submits an evidentiary hearing, it's necessary to flesh that out as well. Finally, with respect to the per se conflict, and again, the defendant certainly acknowledges this court found that there was no per se conflict. In the prior appeal, I think this court looked to the fact that counsel was hired after trial, and it's certainly true that he did not actually become an assistant state's attorney until after the guilty verdict was returned. Again, the state submits that the record shows that the hiring decision was actually made prior to trial. But he was hired prior to sentencing but after the trial, correct? After trial but prior to sentencing. That's correct. And prior to the post-trial motion. That's correct. That's correct. Now, well-accepted case law principles applying and dealing with conflict law say that an attorney has a conflict if at the time of his representation he has an association or relationship with either a party to the case on the other side or an attorney on the case such as the prosecution. And briefly, the defendant submits here that if the hiring decision was made prior to trial, that provided him an association or relationship with the prosecutor's office at the time he represented her, although he was not officially on the paper. But that's a per se conflict. And the defendant submits that's a per se conflict, and that's distinguishable from Wilson, a case this court relied on in the prior appeal. And so the defendant respectfully asks Your Honors to remand his cause for third stage hearing. Thank you, Your Honors. Thank you, Mr. Fisher. Mr. Hoffman. Good morning, Your Honors. Good morning, Mr. Fisher. In the police court, I am Jay Hoffman of the Appellate Prosecutor's Office representing the state in this case. First of all, let's be clear here. Although this court in its earlier decision recognized that there was nothing on the record with regard to a waiver, as I've said in the brief, it's quite clear that Mr. Combs knew that he was going to become an ASA before trial. As I said, Justice Zinoff at that time transferred the case to someone else and specifically said, and when they come to that case, I want this judge to address whether or not there's a conflict for Mr. Combs continuing to represent him. And then there were more comments as they laid out, and finally, ultimately at sentencing, all the parties and the judge agreed that this had been vetted before trial and that there had been a waiver. Now, I'm not suggesting that this court can go back and disagree with what it said earlier. The waiver is simply not on the record, and I understand that. And was this done with the knowledge and the presence of the defendant? The defendant was aware of this? Absolutely. Okay. You said there was no formal finding, but the defendant obviously was aware of the hiring of the attorney. Yeah, and I think if you look at it, I don't have the area that I cited right before me, but in the brief at the sentencing hearing, they said that, that there had been a waiver, and everybody realized this before trial. There was no transcript of that, though. No, there was. You know, it was very interesting. There was a transcript at the morning hearing before Judge Zenoff. She said, I'm assigning it for this judge this afternoon. He's going to address this matter pretrial, including a possible waiver, but then there's no transcript of that. Uh-huh. To be clear, in this court's earlier- And the defendant never raised any possible conflict of interest during the trial. No, she did not. Or on direct appeal. To be clear, what this court said in its original decision, it was talking about, it cited to People v. Wilson, said there was no per se conflict where the person simply knew that he was going to be hired somewhere else, and it says, it is irrelevant that the defendant's trial attorney went to work for the state after the time of trial, and this would be true even if the defendant's trial attorney knew that he would soon be employed in this manner. So when hiring decisions are made, the hiring is communicated, but the association doesn't really begin until you formally begin to work in the office. That's your position, right? Exactly. And I think if this court looks at Spreitzer, which I cited, which is 123-0-2-1 at 19-21, you'll see that they discussed a similar circumstance, but a reverse circumstance, where a person had been a prosecutor at the time that Mr. Spreitzer was tried, and then later became a public defender and was in the office of the person defending Mr. Spreitzer. And if you look at the language there, they're saying just the association between perhaps going, or planning to go to the defender's office, to another office, does not create a per se conflict. And I've cited several cases of per se conflict. Yes, there's language that says an association, but I think if you look at the cases, they're all talking about representing an adverse party. It's not like in Spreitzer teaches that. It's not simply knowing someone or knowing that you're going to be on the other side. It's contemporaneous or prior representation of someone with a conflict of interest. In any event, that's recognized in the earlier Patterson decision when the court says it's irrelevant, even if the defendant's trial attorney knew he would be employed by the state prior to the trial. So to have a hearing to remand on an issue would be legally irrelevant. Yes. According to Patterson. Yeah, and this Patterson one, this court, and I have argued that's law of the case. This court said there is no per se conflict here with trial counsel at trial. This court remanded saying there was perhaps an actual conflict with trial counsel at trial, and there was perhaps a per se conflict regarding representation at sentencing. It said post-trial, and it said specifically with regard to the interaction between new counsel, and trial counsel with regard to sentencing for those specific purposes. And so we would argue that that takes care of both of the things this court remanded it for because, as counsel seems to admit, it's moot what happened at sentencing because the defendant got the minimum sentence. I'm sorry. So the court remanded it for the post-conviction counsel being appointed to amend the petition to include these potential allegations of an actual conflict, but no such specific allegations were made then. That's true, Your Honor. Other than there might be a conflict that we need to explore. That's true, and for that reason, as this court discussed with counsel before, we would argue that because there were no affidavits and there were no allegations of adverse effect, you cannot go forward. He simply has not put forth the substantial showing of a constitutional error which is required to get a hearing. He's simply not done it. And I would disagree with counsel with regard to only his earlier counsel could submit that affidavit. That's not true, and it sort of conflicts with what he said later because Ms. Patterson or Ms. Patterson's PC attorney could have come forth and said, okay, well, I told counsel about this witness, and he didn't do it. I told counsel about this happening, and he didn't bring that up. And we see all the time that defendants say, I gave this information to counsel, and they did not raise it. And yet here we have no allegations. And one of the cases I cited with regard, again, to – Did she show that there was any plea negotiations in the case? I don't recall, Your Honor. I'm sorry. Certainly if there were, and they were not communicated to the defendant, that could be something that she could have explored, correct? She could have explored, yes. And she could have asked – Depositions. She could have asked. Now, there's no discovery as a matter of right, as I recall, in post-conviction. But for good cause shown, you can get discovery, and you can go out and investigate on your own without having a judge order discovery. Just in reading the briefs, it became pretty clear that there were lesser offense theories offered by defense counsel, second degree and involuntary manslaughter. Yes. And indeed, he brought, as I pointed out there, too, when I go through the litany of things he did, one of the complaints is, well, he came up against this person who was going to be a supervisor. Well, he complained about that supervisor talking to the press earlier, so clearly he wasn't affected by that. And I will submit that if you're trying to impress the people that you're going to work for, you're not going to do a bad job. You're going to do the best job you can. What do you make of your opponents raising the issue of a per se conflict between the sentencing lawyer and communicating with the now state's attorney? I would cite to people with Smith 176, 132 on that. It was a case in which they said there was no conflict because post-trial counsel, it may have been post-conviction, I think it was post-conviction counsel, alleged ineffective assistance of a fellow public defender at trial and had to question that person. So if there's no per se conflict, if there's no conflict there from having to attack someone else in their office, what conflict can there be from going back to the trial counsel and asking them, well, what happened? Well, he's in the other camp now. He's in the other camp, but he nevertheless is the person who represented your client at trial. And, of course, you want to go back and find out what their theory was. You want to find out if they thought there was any error. Does the fact that she received a minimum sentence also lend to your position that there was no conflict? Or if there was an actual conflict, that there was no harm of file? Well, if there was, yeah. Again, if there was, there's no per se conflict because Mr. Light, the post-trial counsel, the sentencing counsel, does not have a connection contemporaneous or prior with the prosecutor's office. And he could not be, I mean, you have to expect someone who did not handle trial to ask trial counsel what the theory was, how things went. Regardless of who it is. It would be a little bit bizarre not to consult with the trial counsel, wouldn't it? Exactly, Your Honor. Would we announce a rule that says you can't talk to a prior counsel because they may create a conflict? That wouldn't make any sense, would it? Yeah, exactly not. It would have been beneficial to have a record made that trial counsel had built up a Chinese wall with his associates in the state's attorney's office and would not discuss the case with them, correct? Yes, and most beneficial would have been a transcript of that afternoon hearing where the waiver apparently happened, but we don't know. Well, again, in addition, people in Smith at page 139 accents that a post-conviction defendant must set forth in the post-conviction sufficient facts to show an actual conflict. Here that simply was not done. There are no affidavits, there are no allegations, except let us go and find out what happened. So you don't subscribe to your opponent's position that there should be some sort of a fishing expedition, if you will, at a third stage to try and find out what perhaps could have been done that wasn't done? Absolutely not, and to harken back to law school, think of the slippery slope that you would be going down if you say that. Someone could just basically say, hey, my constitutional rights were violated, and then you have to have a hearing to determine what constitutional rights they're talking about and how possibly they were violated. I mean, it just never ended. So, for those reasons, Your Honor, if there are no further questions, we ask that this Court affirm the dismissal of the post-conviction petition. Thank you. Mr. Fisher. I'm sorry, did you have anything to add? No. The State expresses concerns about a slippery slope, I would say, Your Honor. It's a case-by-case basis. Every case is different. The fact that this case, if this case were to be remanded for an evidentiary hearing, does that set a precedent that every future case was going to an evidentiary hearing? Of course not. I don't think that argument should overly concern this Court. Mr. Hoffman and Your Honor, Judge Shostak, I think both mentioned, again, the possibility that conflict on behalf of the post-trial counsel, well, we don't have to worry about it because she received the minimum sentence. And, again, the defendant acknowledges that there's no problem as to sentencing. The problem is that post-trial counsel also represented the defendant on the post-trial motion. And, again, could have raised a conflict issue there, did not raise the conflict issue there. Your Honor, Justice Hudson asked, well, wouldn't it be almost expected that post-trial counsel would consult with the original counsel? And certainly that makes sense. The difficulty here is there's been an allegation that an original counsel had a conflict. Is that something that post-trial counsel discussed with original counsel? And we just don't know. We don't have any record. Did he feel because he was reliant to such a great degree on the assistance received from the original trial counsel that he felt an allegiance and, therefore, wasn't even going to go there? Again, we just don't know. Again, your argument to me is a showing of good cause for a deposition, which you didn't ask for, which would have included, as I alluded to, exploring whether or not there were plea offers that were made that were not communicated, issues like that, which is the defendant's burden to develop those before a third-stage hearing. Well, of course, the defendant at the second stage was not going it alone. She was represented by counsel. As I say, it's interesting because I've been doing this for a while and I've never seen in a record that's come before me depositions taken in the course of post-conviction proceedings. Maybe that would have been the way to go for a plea counsel. The act provides for proof by depositions. And maybe that would have been a wise choice by counsel, but he did not make that choice. I would submit, Your Honors, if the only allegation in the post-conviction petition were that my lawyer was ineffective, that's not enough. And I'm not saying that that even necessarily in the second stage, let alone the third stage. What we do have here is a very serious claim of a conflict of interest. And the state agrees that the record indicates that counsel was hired before he joined the prosecutor's office. Now, the state cited Spreitzer, and when the court expressed concerns, well, does this mean that the state's attorney can never join the public defender's office or vice versa? Well, of course not. And the defendant's not arguing there should be any such bar. The specific facts of this case, however, deal with the situation where at a time he was representing a defendant in criminal proceedings, he apparently knew he was going to join the prosecutor's office. As a result, was he in a position to perhaps looking to curry favor with his future employer and perhaps pulling punches? Now, in the Wilson case, counsel was actually appointed state's attorney, a different situation from this case where counsel was hired by the state's attorney's office. In addition, in Wilson, counsel represented the defendant in post-trial, excuse me, post-conviction proceedings, had filed an amended petition, argued against a motion to dismiss. That motion to dismiss was still pending when he was appointed. So for all intents and purposes, his job was done unless the judge ultimately would say, no, we have to go to an evidentiary hearing. In this case, if counsel was hired before trial, his work was not at all done. It was he was right in the thick of things. Pre-trial proceedings, trial proceedings, very different circumstance. Of course, if your honors do reconsider your prior decision as to the question of per se conflict, then there's no need to show prejudice. Defendants admit there was a serious claim of a conflict of interest here. I should also mention that counsel made reference to some of the proceedings prior to trial. There is no record of the defendant in court waiving any conflict. If she had, we wouldn't be here today. But again, on that issue, would you acknowledge that apparently the defendant was present during these so-called hearings in which that issue was addressed? She may have been. We have no record. We have no transcript. So unfortunately, we don't know. And that's, the defendant submits as a good reason right there for a third stage evidentiary hearing. Did she waive any conflict? Prior, can you waive a per se conflict? I believe you can as long as it is brought to the defendant's attention. I believe the defendant has, can do that. I suppose the trial judge might be in a position to say no, but I believe that's something the defendant could do as long as the defendant does it knowingly. Anything further? This is for Kat. Thank you, gentlemen. Court will be in a short recess. A decision will be voted in due course. Thank you for your time.